RECEIVED
IN ALEXANDRIA, LA

SEP 1 1 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOE LOUIS CHAMPION,<br>Plaintiff<br><br>VERSUS<br><br>U.S.A.,<br>Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. CV08-1514-A<br><br><br>JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court are a motion to dismiss or for summary judgment filed by the defendant (Doc. 8) and a motion for summary judgment filed by plaintiff (Doc. 12).

Plaintiff, Joe Louis Champion ("Champion") filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, on October 9, 2008 (Doc. 1) and amended on November 26, 2008 (Doc. 3), naming the United States as the sole defendant. Champion submitted documents to show administrative exhaustion of his FTCA claim pursuant to 28 U.S.C. § 2401 (Docs. 1, 3).

Champion, a Bureau of Prisons ("BOP") inmate confined in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock") where he worked as an orderly, alleges in his complaints that, on the night of October 31, 2006, some disruptive inmates began tossing their foot lockers from the top tier onto the floor of the bottom tier. Due to this behavior, all inmates were ordered to

stand in front of their cells preparatory to entering, then ordered to enter their cells. Champion alleges the cell doors were locked, so the inmates could not enter their cells. Champion further alleges that, the BOP officers, not realizing there was a problem with the cell doors, again told inmates via the intercom to enter their cells, then a unit of officers entered and threw an explosive device which exploded near Champion. Champion alleges that he moved away from it, only to have another one thrown toward him and detonate between his legs, burning the skin on his legs.

Champion further alleges in his complaints that he was taken to the infirmary and looked at by a nurse, an officer took pictures of the burns on his legs, and then he was taken away and placed in "the hole," where more pictures were taken of the burns on his legs. According to Champion, he received ointment for the burns on his legs the next day, November 1, 2006, then was returned to "the hole." Champion alleges he was provided with Neomycin, Poly B, Bacitracin, and Ibuprofen. The following day, November 2, 2008, he was also given Silver Sulfadiazine (50 mg 1%). On November 9, USP-Pollock underwent a facility-wide lockdown and all of Champion's medications were confiscated. Champion further alleges he filed a complaint seeking redress for his injuries on November 14, 2006, and on November 16, 2006, BOP employees filed a disciplinary report stating Champion had disobeyed several orders to enter any cell on October 31, 2006.

Champion contends he was wrongfully injured because the BOP employees mishandled the situation the night of October 31, 2006, defendants failed to provide adequate medical care for the burns he sustained from the explosive devices, and defendants retaliated against him for filing a complaint by writing him up for refusing to obey orders. Champion asks for monetary relief.

<u>Law and Analysis</u>

<u>Wrongful Injury/Assault Claim</u>

Defendant filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. rule 12(b)(1), contending this court lacks subject matter jurisdiction because the discretionary function exception to the FTCA bars Champion's wrongful injury/assault claim.

Under 28 U.S.C. § 2680(a), the provisions of 28 U.S.C. §2674 (the FTCA) and 28 U.S.C. § 1346 (subject matter jurisdiction) do not apply to "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care,...based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Defendants contend the use of force by BOP employees in the exercise of their duties was discretionary and, therefore, the United States is not liable under the FTCA for an assault committed on Champion by a BOP employee.

As the sovereign, the United States is immune from suit

unless, and only to the extent that, it has consented to be sued. Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994). Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts of omissions of its agents who act within the scope of their employment. 28 U.S.C. § 1346(b). Also, Johnston v. United States, 85 F.3d 217, 219 (5th Cir. 1996). The FTCA permits a plaintiff to bring a state law tort action against the United States. Substantive state law determines whether a cause of action exists, and federal law determined when that claim accrues. Johnston, 85 F.3d at 219; 28 U.S.C. § 2401(b). Specifically, the FTCA allows the government to be held liable in tort for any negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

There are exceptions to the waiver of sovereign immunity in the FTCA. See 28 U.S.C. § 2680(a)-(n). The exceptions to the FTCA's waiver of sovereign immunity that appear in Section 2680 limit the federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government. One of the exceptions to the FTCA's general consent-to-be-sued policy retains

4

the government's sovereign immunity for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. §2680(h); Truman, 26 F.3d at 594.

To determine whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim. Truman, 26 F.3d at 594, and cases cited therein. Even if a plaintiff styles a claim so that it is not one that is enumerated in Section 2680(h), the plaintiff's claim is still barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action. In other words, the FTCA bars a claim based on conduct that constitutes a tort listed in Section 2680(h) even though that conduct may also constitute another tort not listed in Section 2680(h). Truman, 26 F.3d at 594, and cases cited therein. Similarly, a plaintiff cannot circumvent the purpose of Section 2680(h) by framing his complaint in terms of the government's negligent failure to prevent the excepted harm. Truman, 26 F.3d at 594-595.

The intent of the FTCA is that the United States would not be financially responsible for the assaults and batteries committed by its employees. Also, the reach of Section 2680(h) cannot be avoided by framing a complaint in terms of negligent failure to prevent the assault and battery. U.S. v. Shearer, 473 U.S. 52, 55, 105 S.Ct. 3039, 3042 (1985). See Garcia v. U.S., 776 F.3d 116 (5th Cir. 1985), ("the Fifth Circuit held that a plaintiffs' complaint, framed in terms of negligent failure to prevent an assault and battery, was barred by the plain language of Section 2680(h), which excludes any claim 'arising out of' assault or battery").

Therefore, the United States is not liable under the FTCA for Champion's injuries resulting from the BOP employees' use of explosive devices to control inmates. The United States' motion to dismiss Champion's claim for injuries caused by the explosive devices should be granted and Champion's motion for summary judgment should be denied on this issue.

Medical Care Claim

1.

Defendants contend Champion's claim that he was given inadequate and negligent medical care should be dismissed pursuant to Fed.R.Civ.P. rule 12(b)(6) for failure to state a claim on which relief may be granted. Defendants contend Champion failed to allege a medical malpractice claim.

6

A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th.Cir. 1988); Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe, 753 F.2d at 1101. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death caused by the

negligent or wrongful act or omission of any employee of the Government while acting within the scope of employment. The United States may be held liable only if the conduct complained of amounts to negligence in accordance with the law of t he place where the act or omission occurred. 28 U.S.C. § 1346(b). Substantive state law determines whether a cause of action exists. Johnston, 85 F.3d at 219. Accordingly, Champion's claim of negligent medical care should be evaluated in accordance with Louisiana tort law.

Defendants contend Champion failed to state a claim pursuant to La.R.S. 40:1299.41, the Louisiana Medical Malpractice Act.[1] The Medical Malpractice Act only applies to health care providers, including physicians and nurses (registered or licensed practical), and does not apply to prison guards. Therefore, to the extent that Champion is claiming inadequate medical care from the nurse or physician for failure to prescribe adequate pain relief or other treatment, his claim falls within the scope of the Medical Malpractice Act which requires exhaustion of the claim before a medical review panel. La.R.S. 40:1299.47. Champion has not provided any proof that he presented a medical malpractice claim to a medical review panel. Therefore, the United States' motion to dismiss Champion's claim of inadequate medical care from the medical staff should be granted.

---

[1] Under the FTCA, liability for medical malpractice is controlled by state law. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985), and cases cited therein.

To the extent that Champion is alleging the BOP officers delayed Champion receiving medical care for his burns for fifteen hours, that claim does not fall within the purview of the Medical Malpractice Act because the corrections officers are not health care providers. See 40:1299.41(A)(10). Instead, Champion's claim for the delay in providing his medical care falls within the scope of La.C.C. art. 2315, et seq.

To prevail on a negligence claim under La. Civil Code arts. 2315 and 2316, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). Brown v. Lee, 94-104 (La.App. 5 Cir. 7/13/94), 639 So.2d 897, 898-899, writ den., 94-2127 (La. 11/18/94), 646 So.2d 378, citing Roberts v. Benoit, 605 So.2d 1032 (La. 1991); Fowler v. Roberts, 556 So.2d 1, 4 (La. 1989); Scott v. State, 618 So.2d 1053 (La. App. 1st Cir.), writ den., 620 So.2d 881 (La. 1993). Also, La.C.C. art. 2315.

La.R.S. 15:751 imposes a duty to provide reasonable medical care for prisoners. The standard of care imposed under Louisiana law for providing for the medical needs of inmates is that those services be reasonable. Elsey v. Sheriff of Parish of East Baton Rouge, 435 So.2d 1104 (La. App. 1st Cir.), writ den., 440 So.2d 762 (La. 1983). Also, Cole v. Acadia Parish Sheriff's Dept., 07-1386, (La. App. 3d Cir. 11/5/08), 998 So.2d 212, writ den., 2008-2875 (La. 2/6/09), 999 So.2d 784.

Champion contends the United States breached its duty to provide reasonable medical care by failing to do so for about fifteen hours. The United States contends and Champion admits that his condition was assessed by a nurse about 41 minutes after he was injured; apparently, the nurse found Champion's condition of "impaired skin integrity" and "superficial cuts" did not warrant medical care and instructed Champion to wash his legs (Doc. 8, Exs.). The next day (fifteen hours after the injury), first degree burns were diagnosed at the infirmary and topical medication was provided.

It is clear that the prison guards provided Champion with medical care soon after he was injured. Whether the medical care provided by that nurse was or was not adequate is irrelevant to the issue of whether the guards took him to the infirmary soon after the incident for assessment and care. Therefore, the guards acted reasonably under the circumstances and did not breach the duty to

provide reasonable medical care to Champion. Compare, <u>Abshure v. Caddo Parish Sheriff's Office</u>, 2009 WL 2579099 (W.D.La. 2009), citing, <u>Bonnet v. Lafayette Parish Sheriff</u>, 08-905 (La. App. 3d Cir. 2/4/09), 2 So.3d 1280, 1284-1285, writ granted, 2009-0490 (La. 4/24/09), 7 So.3d 1202.

Therefore, the United States is entitled to a summary judgment in its favor on the issue of delayed medical care and Champion's motion for summary judgment should be denied on this issue.

<u>Retaliation Claim</u>

Champion also alleges USP-Pollock officers wrote him up in retaliation for filing his tort claim. Champion contends that, two days after he filed his tort claim, he was written up for disobeying direct orders to enter a cell on October 31, 2006 (Doc. 1, Ex. B, Doc. 8, Exs.). Champion also contends BOP regulations require staff to report incidents within 24 hours after becoming aware of a violation. The United States failed to address this claim in its motion to dismiss or for summary judgment.

However, it does not appear that Champion exhausted his retaliation claim pursuant to the FTCA. The purpose of the FTCA exhaustion requirement is to ease court congestion, avoid unnecessary litigation, and promote fair settlement of tort claims against the United States; the purpose is served, and the exhaustion requirement is satisfied, when a claim brings to the Government's attention facts sufficient to enable it thoroughly to

investigate its potential liability and to conduct settlement negotiations with the claimant. <u>Rise v. United States</u>, 630 F.2d 1068, 1071 (5th Cir. 1980). An FTCA claimant must, therefore, provide facts sufficient to allow his claim to be investigated and must do so in a timely manner. <u>Cook v. United States ex rel U.S. Dept. of Labor</u>, 978 F.2d 164, 166 (5th Cir. 1992).

Although Champion mentioned the disciplinary report in the complaint with which he exhausted his administrative remedies (Doc. 1, Ex. A, Affidavit; Doc. 8, Exhibits), he did not present facts from which a retaliation claim could be inferred. Champion stated simply, "I just received a case today for refusing to obey an order. It say that I refused several order to enter any cell. Inmates can not go into to [sic] another inmate cell for no reason." Since the Bureau of Prison did not have sufficient notice from these statements that Champion had a retaliation claim, Champion's retaliation claim is not exhausted.

Since Champion did not exhaust his retaliation claim, this court does not have subject matter jurisdiction over it under the FTCA. Therefore, Champion's retaliation claim should be dismissed as barred for lack of exhaustion.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the United States' motion to dismiss Champion's claim for wrongful injury/assault be granted and Champion's motion for summary

judgment be denied on that issue.

IT IS FURTHER RECOMMENDED that the United States' motion to dismiss Champion's claim of inadequate medical care from the medical staff be granted, and that Champion's motion for summary judgment on that claim be denied.

IT IS FURTHER RECOMMENDED that the United States' motion for summary judgment be granted on the issue of delayed medical care and Champion's motion for summary be denied on that issue.

IT IS ALSO RECOMMENDED that Champion's retaliation claim be dismissed as barred for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of September, 2009.

```
                              _____
                                    JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```