U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 04 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JOE LOUIS CHAMPION | CIVIL ACTION NO. 08-1514 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

### MEMORANDUM JUDGMENT

Before the court is the report and recommendation of the magistrate judge,[1] recommending that the motion to dismiss[2] previously filed by the United States of America ("Government") and the motion for summary judgment[3] previously filed by plaintiff in the above captioned case be granted and, accordingly, that all claims by plaintiff be dismissed with prejudice. Both plaintiff and the government filed objections[4] to the magistrate judge's report and recommendation, which the court has carefully reviewed, along with the remainder of the record before us. In accordance with the report and recommendation of the magistrate judge, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the government's motion to dismiss plaintiff's claim for wrongful injury/assault is **GRANTED** because the court finds that plaintiff's claim falls within the exception to the Federal Tort Claims Act ("FTCA")[5] which retains the sovereign immunity of the United States with respect to "any claim arising out of assault,

---

[1] R. 26.
[2] R. 8.
[3] R. 12.
[4] R. 29, 30, 31.
[5] 28 U.S.C. §§ 1356(b), 2671-2680.

1

battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."[6] It is further

**ORDERED, ADJUDGED** and **DECREED** that the government's motion to dismiss with respect to plaintiff's claim of medical malpractice is **GRANTED** because the court finds that plaintiff has failed to allege specific facts which, if proven, would demonstrate his right to recovery under the Louisiana Medical Malpractice Act ("LMMA").[7] Under the LMMA, a claimant must prove, by a preponderance of the evidence, the standard of care applicable to the doctor at issue; conduct by that doctor that violates the applicable standard of care; and a causal connection between the doctor's conduct and the claimant's injury.[8] The pleadings before this court reveal that plaintiff was assessed and treated for his first-degree burns in a timely manner and received timely follow-up care.[9] Accordingly, we depart from the report and recommendation of the magistrate judge in that we dismiss plaintiff's medical malpractice claim on the basis of his failure to demonstrate a claim as to which relief may be granted, rather than as a result of his failure to submit the claim to a medical review panel. In accordance with the report and recommendation of the magistrate judge, it is further

**ORDERED, ADJUDGED** and **DECREED** that the government's motion for summary judgment as to plaintiff's claim for delayed medical care is also **GRANTED**. In accordance with the report and recommendation of the magistrate judge, it is further

**ORDERED, ADJUDGED** and **DECREED** that plaintiff's retaliation claim is **DISMISSED** for failure to exhaust administrative remedies as required by FTCA. Finally, it is

---

[6] 28 U.S.C. § 2680(h).
[7] La. R.S. 40:1299.41, et seq.
[8] Pfiffner v. Correa, 643 So.2d 1228, 1233 (La. 1994).
[9] See R. 1 and exhibits thereto.

**ORDERED, ADJUDGED** and **DECREED** that plaintiff's motion for summary judgment is **DENIED** in all respects.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 4th day of November, 2009.

*James T. Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE